Peter M. Daly, J.
The defendants move for an order (1) directing the parties herein to submit proposed findings of fact and conclusions ofzlaw, (2) granting the defendants 60 days to make and serve if££ Case on Appeal ” and (3) to dispense with the printing of the exhibits in evidence in such case on appeal.
This case was tried on February 15, 19, 20 and 21, 1957. At the conclusion of the trial decision was reserved and both parties directed to file briefs. The plaintiffs obtained, at their own expense, a copy of the stenographic minutes of approximately 800 pages, and permitted the defendants’ attorneys to use such *268 minutes in the preparation of their brief. Both parties made their final submission by the filing of their briefs and exhibits on or about April 10,1957.
The court decided the case in favor of the plaintiffs (8 Mise 2d 186, dated July 19, 1957). That opinion directed judgment to be settled on notice and on August 8, 1957 plaintiffs’ proposed judgment was served by mail on the attorneys for the defendants with notice of settlement for August 19, 1957. Defendants’ motion for a new trial, returnable on August 19, 1957, was denied after argument on September 6, 1957. Now for the first time defendants seek to submit proposed findings of fact and conclusions of law.
While prior to the 1936 amendment (L. 1936, ch. 915) to section 440 of the Civil Practice Act the decision of the court in an action tried without a jury was required to “ state separately the facts found and conclusions of law ”, that requirement was eliminated by said amendment. The present requirement is that the court “ must state the facts which it deems essential ”, and that it may do orally or in writing. The writing may be by an opinion or by a formal decision consisting of findings of fact and conclusions of law.
Since the opinion in this case stated the facts upon which the rights or liability of the parties depended and directed the submission only of a judgment, formal findings of fact and conclusions of law are unnecessary to the formulation of the decision in this case. (Metropolitan Life Ins. Co. v. Union Trust Co., 268 App. Div. 474; Matter of Joroco Silk Corp. v. Nova, 265 App. Div. 1061; Hamer v. Flatto, 170 Misc. 560.)
As was held in Matter of Joroco Silk Corp. v. Nova (supra), section 439 of the Civil Practice Act has no application because the defendant made no request to submit findings of fact and conclusions of law until after the case was decided. That section by its terms requires the court to pass upon requests to find when they are submitted ‘ ‘ before the cause is finally submitted to the court ’ ’. Accordingly, the first branch of the motion is denied.
Inasmuch as the plaintiffs have not objected to this court passing upon the remaining branches of the motion, an order will be entered granting the defendants 60 days from the service of a copy of the judgment with notice of entry, in which to serve and file their case on appeal. The printing of the exhibits will be dispensed with and the defendants directed only to furnish the plaintiffs ’ attorney with copies of their exhibits other than those which are matters of public record. However, since the attorney for the defendants has consented in his reply affidavit *269 that a photostat of the exhibit written in Mrs. Wieneko’s own handwriting should be included in the case on appeal, such direction will be made.
The court has this day signed the judgment submitted by the attorney for the plaintiffs with minor deletions at the bottom of pages 2 and 3.
Settle order.